**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEREINO JOE MARTINEZ,

Defendant - Appellant.

No. 09-1328
(D. Ct. No. 1:07-CR-00236-WDM-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **CUDAHY**,[†] and **TACHA**, Circuit Judges.

Defendant-appellant Sereino Joe Martinez appeals his fifteen-year sentence for

being a felon in possession of a firearm, arguing that a conviction for felony menacing

under Colorado law, *see* Colo. Rev. Stat. § 18-3-206, is not a violent felony for purposes

of the Armed Career Criminal Act ("ACCA"). We have jurisdiction under 28 U.S.C.

§ 1291, and we AFFIRM.

## I. BACKGROUND

Mr. Martinez pleaded guilty to one count of being a felon in possession of a

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[†]Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation..

firearm in violation of 18 U.S.C. § 922(g)(1). Under the ACCA, a person who violates

§ 922(g) and has three prior convictions for violent felonies shall be sentenced to a

mandatory minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A

violent felony is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . .
> that (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or (ii) is burglary, arson, or
> extortion, involves use of explosives, or otherwise involves conduct that
> presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). *See also Johnson v. United States*, 599 U.S. –, 130 S. Ct. 1265 (2010)

(setting forth the definition of "violent felony" and analyzing the "physical force"

requirement under § 924(e)(1)(i)). Thus, a crime is a violent felony if it: (1) contains as

an element the use, attempted use, or threatened use of physical force against another

person; (2) is one of the "enumerated offenses" (i.e., burglary, arson, or extortion); or (3)

involves conduct that presents a serious potential risk of physical injury to another person

and is otherwise similar to the enumerated crimes.

Mr. Martinez was convicted in 1989 and 1993 for felony menacing under Colo.

Rev. Stat. § 18-3-206.[1] That statute provides:

> (1) A person commits the crime of menacing if, by any threat
> or physical action, he or she knowingly places or attempts to
> place another person in fear of imminent serious bodily
> injury. Menacing is a class 3 misdemeanor, but, it is a class 5
> felony if committed:

---

[1]He was also convicted of second-degree murder, which he concedes is a violent felony. Thus, the only question in this appeal is whether his two felony menacing convictions qualify as violent felonies.

(a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or

(b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon.

Thus, the elements of this offense can be summarized as: (1) by threat or physical action; (2) knowingly placing or attempting to place another person in fear of imminent serious bodily injury; (3) by using a deadly weapon or representing that one is armed with a deadly weapon. *See* Colo. Jury Inst., Criminal § 10:16.

## II. DISCUSSION

We conclude that Colorado's felony menacing statute contains as an element the use, attempted use, or threatened use of physical force against another person and thus qualifies as a violent felony under the ACCA. Under the "as an element" definition of a violent felony, the "inquiry is limited to the statutory definition of the prior offense, and not the facts underlying a defendant's prior conviction." *United States v. Zuniga-Soto*, 527 F.3d 1110, 1117 (10th Cir. 2008).[2] This is called the "categorical approach." *Id.* at 1118. If, however, "the statute of prior conviction includes multiple definitions of an offense, some of which require proof of the use of force, and some of which do not, then a court may examine certain judicial records for the limited purpose of determining which

---

[2]*Zuniga-Soto* involved the career-offender provision of the Guidelines and not the violent-felony provision of the ACCA. The language in the Guidelines and in the ACCA is sufficiently similar, however, that we have often noted that we engage in the same analysis for both inquiries. *See, e.g.*, *United States v. Charles*, 576 F.3d 1060, 1068 n.2 (10th Cir. 2009).

part of the statute was charged against the defendant." *Id.* at 1117. We have referred to this as the "modified categorical approach." *Id.* at 1120. In no case, however, may the sentencing court consider what the defendant actually did in committing the crime or take into account "the specific factual circumstances underlying the defendant's prior arrest." *Id.* at 1118 (quotations omitted). As we have noted, "[t]he elements are the elements, and they can be determined only by reading and interpreting the statute itself." *Id.* (quotations omitted).

The district court in this case concluded that, in Colorado, felony menacing is not, under the "as an element" definition, categorically a violent felony because the crime could be committed in a way that would not involve physical force. But, according to the court, it was clear from charging documents that Mr. Martinez used a knife in committing both offenses. Therefore, the court reasoned that under the modified categorical approach, the crime qualified as a violent felony.

We agree with Mr. Martinez that the district court erred in its analysis because "what [Mr. Martinez] actually did is irrelevant to whether the statute has a particular element." *Id.* (alterations omitted). The court's error, however, was harmless because we have already squarely held that felony menacing in Colorado is categorically a violent felony under the ACCA. In *United States v. Herron*, 432 F.3d 1127 (10th Cir. 2005), we considered only the language of § 18-3-206 and concluded:

> Mr. Herron's convictions [for felony menacing] were undoubtedly for
> violent felonies. He "knowingly place[d] or attempt[ed] to place another
> person in fear of imminent serious bodily injury . . . by the use of a deadly

weapon." [Colo. Rev. Stat.] § 18-3-206.  This conduct easily satisfies the requirement of "the threatened use of physical force against the person of another," under the ACCA.  18 U.S.C. § 924(e)(2)(B)(i).

*Herron*, 432 F.3d at 1138.

Put another way, placing a person in fear of imminent serious bodily injury by using a deadly weapon or representing that one is armed with a deadly weapon necessarily occurs through the threatened or actual use of physical force.  Thus, the threatened or actual use of physical force is an element of Colorado's felony menacing statute, which qualifies it as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i).

Mr. Martinez's argument on appeal focuses on the definition of a deadly weapon; he emphasizes that a deadly weapon includes inanimate materials or substances. According to Mr. Martinez, "under a categorical analysis . . . the statute does not satisfy the 'physical force' requirement because a person could threaten another with imminent serious bodily injury without using physical force—by, for example, the threat of the use of poison or a dangerous drug."  In the same vein, Mr. Martinez claims that "the menacing statute clearly covers conduct that does not involve the defendant's use, attempted use or threatened use of physical force against another person [because] one could be convicted of menacing based on a threat to unleash an aggressive, dangerous dog that might then attack another person."  We are not persuaded by Mr. Martinez's logic.  Even assuming that poison, a drug, or a dangerous dog constituted the deadly weapon in a particular conviction, the defendant would still have to use physical force or the threat of physical force *involving the use of* the poison, drug, or dog in order to place

- 5 -

the victim in fear of imminent serious bodily injury as required under the menacing statute.

Finally, to the extent Mr. Martinez argues that the analysis in *Herron* is misguided after *Zuniga-Soto* and later cases describing the categorical and modified categorical approaches, we disagree. *Herron* correctly articulates and applies the categorical approach, directly holds that felony menacing under Colo. Rev. Stat. § 18-3-206 is categorically a violent felony under the "as an element" definition of a violent felony, and thus controls the issue in this appeal. We therefore affirm his sentence.

## III. CONCLUSION

For the foregoing reasons, Mr. Martinez's sentence is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

09-1328, <u>United States v. Martinez</u>

**BRISCOE,** Chief Judge, concurring.

I concur in the result.  Our prior ruling in <u>United States v. Herron</u>, 432 F.3d 1127 (10th Cir. 2005) squarely addresses the issue presented here and is controlling.  In <u>Herron</u>, our court considered only the text of Colo. Rev. Stat. § 18-3-206 and held that it contained the necessary elements to meet the ACCA's definition of violent felony.  We are bound by that ruling and, as a result, it is unnecessary to counter Martinez's arguments challenging <u>Herron</u>, or to now provide supporting rationale for our holding in <u>Herron</u>.  <u>See</u> <u>United States v. Edward J.</u>, 224 F.3d 1216, 1220 (10th Cir. 2000) ("Under the doctrine of stare decisis, this panel cannot overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court.") (quotation and citation omitted).