FILED
United States Court of Appeals
Tenth Circuit

**March 28, 2012**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIREINO JOE MARTINEZ,

Defendant - Appellant.

No. 11-1382

(D. Colorado)

(D.C. Nos. 1:11-CV-00380-WDM
and 1:07-CR-00236-REB-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Sireino Joe Martinez filed a pro se motion for relief under

28 U.S.C. § 2255 in the United States District Court for the District of Colorado,

claiming ineffective assistance of counsel. The district court denied the motion

and declined to grant a certificate of appealability (COA). *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal the denial of a § 2255 motion). Still

proceeding pro se, he now seeks a COA from this court. We deny the application

for a COA and dismiss the appeal because no reasonable jurist could debate the

district court's decision.

I. **BACKGROUND**

On May 23, 2007, Defendant was charged with one count of being a felon

in possession of a firearm and one count of being a felon in possession of

ammunition.  *See* 18 U.S.C. § 922(g)(1).  The government filed an information alleging that Defendant had four prior convictions for violent felonies that qualified him for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e):  (1) a 1978 Nevada conviction of second-degree murder; (2) a 1990 Colorado conviction of menacing; (3) a 1993 Colorado conviction of menacing with a deadly weapon; and (4) a 1994 Colorado conviction of third-degree assault.  Defendant pleaded guilty to the firearms count under a plea agreement; and on July 15, 2009, he was sentenced to the mandatory minimum term of 15 years' incarceration under the ACCA.  Defendant appealed his sentence, arguing that the menacing convictions did not qualify as violent felonies under the ACCA.  We affirmed the sentence.  *See United States v. Martinez*, 382 F. App'x 786 (10th Cir. 2010).

On February 14, 2011, Defendant filed his § 2255 motion in district court, alleging several instances of ineffective assistance of counsel and requesting an evidentiary hearing.  He alleged that his attorney provided ineffective assistance (1) by failing to object to the admission of conflicting documents related to the 1990 menacing conviction; (2) by failing to conduct an adequate investigation, which would have revealed that his 1990 menacing conviction was a misdemeanor; (3) by not objecting to a Colorado court-minutes document showing that Defendant had pleaded guilty to a charge that actually had been dismissed; and (4) by failing to investigate his murder conviction and failing to

object to the admission of the conviction because it was honorably discharged under Nevada law. In addition, Defendant filed a later pleading asserting that his attorney had violated a number of rules of professional conduct governing attorney-client conflicts. The district court denied the motion on July 28, 2011.

Defendant's application for a COA from this court raises several arguments not raised in district court: (1) that his attorney should have objected to the introduction of his Nevada second-degree-murder conviction, because the Nevada statute defining his offense did not satisfy the ACCA requirement that the crime have as an element the use of physical force against another person; (2) that "[t]he district court Abused its Discretion when it failed to rule on disputed facts alleged in" his response to the government's sentencing memorandum submitted for the sentencing hearing, Aplt. Br. at 15; and (3) that the recent Supreme Court decision in *Bond v. United States*, 131 S. Ct. 2355 (2011) (holding that criminal defendants have standing to challenge their convictions under the Tenth Amendment), should be applied retroactively to allow him to challenge 18 U.S.C. §§ 922(g)(1) and 924(e)(1) on Tenth Amendment grounds. Because these arguments were not raised below, we will not consider them. *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (declining to address arguments that were not raised in district court). For the same reason, we decline to consider arguments newly raised in Defendant's motion to supplement his brief in this

court—namely, his arguments that several of his convictions did not qualify under the ACCA as convictions of violent felonies.

Of the issues raised in district court, Defendant pursues in this court only the following ineffective-assistance claims. First, he argues that his attorney should have objected to the introduction of inconclusive documents regarding his 1990 Colorado menacing conviction. The district court rejected that argument because he had not shown any prejudice from the introduction of the documents. In the § 2255 proceedings the government produced the state judgment of conviction, which demonstrated that Defendant had been convicted of felony menacing; and, as noted by this court in Defendant's direct appeal, Colorado felony menacing is categorically a violent felony under the ACCA. *See Martinez*, 382 F. App'x at 788. Second, Defendant argues that his attorney should have investigated the documents submitted to the district court regarding his menacing and murder convictions. The court rejected the argument, pointing out that Defendant could not establish prejudice because he had not provided any specifics on what had not been investigated or what favorable evidence would have been discovered in an investigation. Third, Defendant argues that his attorney should have objected to the introduction of court minutes that mistakenly showed which of two charges he had pleaded guilty to. The district court rejected the argument because both charges were for felony menacing, so it did not matter which was the crime of conviction.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the defendant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id.*  We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required.  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits."  *Id.*

In this case no reasonable jurist could debate the district court's disposition of the claims properly raised in this court.

-5-

## III.    CONCLUSION

We DENY Defendant's application for a COA and dismiss his appeal.  We GRANT his motion to supplement his brief.


                                ENTERED FOR THE COURT


                                Harris L Hartz
                                Circuit Judge